UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD G. NOTT,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>IBM CORPORATION, and DOES ONE THROUGH FIFTY, INCLUSIVE<br><br>　　　　　　　　　　Defendant. | Case No. 10-CV-7450 MMM (SHx)<br><br>Assigned for all purposes to the Honorable Margaret M. Morrow<br><br>**PROTECTIVE ORDER** |

## PROTECTIVE ORDER

1. The terms and conditions of this Protective Order shall govern the production and handling of documents, electronically-stored information and documentation associated therewith, answers or responses to interrogatories, requests for admissions, depositions, associated transcripts and exhibits, pleadings and associated exhibits, briefs and associated exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure ("F.R.C.P."), and all information and documents, regardless of media, exchanged between the parties, or produced by any third party, whether voluntarily, in response to discovery requests or subpoenas, or otherwise.

2. As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. "Confidential Information" shall mean and refer to information designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order. The designation "CONFIDENTIAL" shall be limited to information, regardless of the form in which such information is disclosed, that any disclosing party, including any non-party to this action, in good faith, believes to contain (a) proprietary or commercially sensitive information; and (b) information, including but not limited to financial information, that should otherwise be subject to confidential treatment. The designation "CONFIDENTIAL" does not include information or materials available to the public including, without limitation, catalogs, advertising materials and the like.

4. Information to be treated under this Protective Order as Confidential Information shall include, without limitation, any information voluntarily provided

by a party or non-party, any information produced pursuant to a discovery request (whether in hard copy or electronic form), any document marked as an exhibit at any deposition taken in this proceeding, any information given orally at a deposition or otherwise, or the transcript of any deposition taken in this proceedings, any information provided in writing in response to any interrogatories, any documents produced in response to an inspection demand or subpoena, or otherwise, if it reflects, refers to or evidences any Confidential Information, and any summary, digest, analysis of or comment on any Confidential Information.

5. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

(a) a party, or officer or current or former employee of a party, who has executed a Certification attached hereto as Exhibit A;

(b) in-house counsel of a named party;

(c) outside counsel representing a named party, including all paralegals, assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d) court reporters, videographers, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel;

(e) actual or potential experts or consultants who are retained by any attorney described in Paragraphs 4(b) or (c) to assist with the above-captioned

action, who are not a current or former employee of a party or subsidiary or affiliate of a party, and who execute a Certification attached hereto as Exhibit A;

(f) a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the above-captioned action;

(g) during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s), or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(h) Non-party witnesses or persons to be interviewed in the investigation of the above-captioned matter, to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense or settlement of the above-captioned matter, and provided such witnesses or persons execute a Certification attached hereto as Exhibit A;

(i) any private mediators used in the above-captioned matter; and

(j) the Court, and any Special Masters and/or Mediators appointed by the Court, provided that CONFIDENTIAL documents filed with the Court shall be filed under seal.

6. All information designated "CONFIDENTIAL" in accordance with the terms of this Protective Order and disclosed, produced or exchanged in the course

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

of the above-captioned matter shall be used or disclosed solely for the purpose of the above-captioned matter, and in accordance with the provisions of this Protective Order. Such "CONFIDENTIAL" information shall not be used for any business purpose, or in any other litigation or proceeding, or for any other purpose, except by court order or as otherwise required by law. The foregoing notwithstanding, this Protective Order has no effect on, and shall not extend to, any party's use of its own Confidential Information.

7. If a party receiving Confidential Information, including, without limitation, its employees, agents or consultants, is compelled to disclose any of a disclosing party's "CONFIDENTIAL" information pursuant to applicable law, rule, regulation, court order, or subpoena (each a "Requirement"), the receiving party shall promptly notify the disclosing party of any such Requirement, and shall cooperate with the disclosing party to obtain a protective order or other appropriate arrangement pursuant to which the confidentiality of the disclosing party's "CONFIDENTIAL" information is preserved. Provided that the producing/disclosing party makes a timely motion or other application for relief from the Requirement in the appropriate forum, the person or party subject to the subpoena, or other request, shall not produce or disclose the requested information without the consent of the disclosing/producing party, or until ordered to do so by a court of competent jurisdiction. If such an order or arrangement is not obtained, the receiving party shall disclose only that portion of the disclosing party's "CONFIDENTIAL" information as is required pursuant to such Requirement. Any such required disclosure shall not change the status of the disclosed information as the disclosing party's "CONFIDENTIAL" information under the terms of this Protective Order.

8. Counsel shall provide each person to whom they disclose, or give

1  access to, "CONFIDENTIAL" information a copy of this Protective Order, shall
2  advise each such person of his or her obligation to comply with the terms of the
3  Protective Order. In addition, with regard to each person who has received or been
4  given access to "CONFIDENTIAL" information pursuant to Paragraphs 4(a), (e),
5  (g) and (h), Counsel shall secure the signature of each such person on the
6  Certification attached hereto as Exhibit "A." Persons receiving
7  "CONFIDENTIAL" information are prohibited from disclosing it to any person,
8  except in conformance with this Protective Order. The recipient of any
9  "CONFIDENTIAL" information agrees to subject himself or herself to the
10 jurisdiction of this Court for the purposes of any proceedings relating to the
11 performance of, compliance with, or violation of this Protective Order. Counsel
12 agrees to maintain a file of all executed Certifications required by this Protective
13 Order.

15     9.    The recipient of any "CONFIDENTIAL" information shall maintain
16 such information in a secure and safe area, and shall exercise at least the same
17 standard of due and proper care with respect to the storage, custody, use and/or
18 dissemination of such information, as is exercised by the recipient with respect to
19 his or her own confidential or proprietary information.

21     10.    In designating information "CONFIDENTIAL" the producing or
22 testifying party or person, including third parties, will make such designation only
23 as to that information that it, in good faith, believes is "CONFIDENTIAL".

25     11.    All or any part of a document, tangible item, discovery response or
26 pleading disclosed, produced, or filed by any party or person in the above-captioned
27 matter may be designated "CONFIDENTIAL" information by the producing or
28 disclosing party or person by marking the appropriate legend on the face of the

1  document and each page so designated. With respect to tangible items, the
2  appropriate legend shall be marked on the face of the tangible item, if practicable,
3  or by delivery at the time of disclosure, production or filing to the party to which
4  disclosure is made, written notice that such tangible item is "CONFIDENTIAL."
5  Electronically-stored information produced in a format that does not permit the
6  disclosing party to affix an appropriate confidentiality legend to each piece of data
7  shall have the appropriate confidentiality designation made in a transmittal letter
8  that accompanies the production of such material and, to the extent practical, the
9  disclosing party shall affix an appropriate legend on the media on which such data
10 is produced.

12. Deposition testimony and exhibits (or portions thereof) of any witness that have been designated as "CONFIDENTIAL" shall be labeled as follows: If any portion of a videotaped deposition is so designated, the videocassette or other videotape or CD ROM container shall be labeled with the appropriate legend. For testimony or exhibits designated as Confidential Information after receipt of the deposition transcript, the deponent, his/her counsel, or any other designating party shall serve on all counsel a list of the page numbers of the deposition transcript containing "CONFIDENTIAL" information. A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining a

1 prompt resolution of the dispute.

2

3      13.    Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" information shall be filed under seal—pursuant to applicable court procedures and accompanied by any necessary motion to seal—in an envelope marked "CONFIDENTIAL – Filed Under Seal Pursuant to Court Order" and shall bear the caption of this lawsuit, the pleading or document title, and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.

10

11      14.    At the request of a disclosing party, the Court may limit or restrict any person(s) not permitted access to "CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

14

15      15.    Nothing in this Order shall be construed in any way as a finding that information designated as "CONFIDENTIAL" actually is confidential information. Any party may object, in writing, to another party's designation by specifying the information at issue and the grounds for questioning the designation. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to the above-captioned matter disagrees at any time with the designation by the disclosing party, the parties shall try first to resolve said dispute in good faith on an informal basis. If the parties cannot resolve the dispute within fifteen (15) days of service of a written objection, the party that designated the information may file a motion for a protective order within fifteen (15) days after the parties' informal attempts at resolution have concluded. The information, documents or materials shall continue to receive the protection of their designation pending the Court's ruling on the motion. The party that designated the information

PROTECTIVE ORDER

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

\\\LA - 081400/000568 - 482506 v1

"CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

16. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the above-captioned matter. This Protective Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

17. Nothing in this Protective Order shall bar or otherwise restrict any attorney from advising his or her clients with respect to the above-captioned matter and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" information.

18. The inadvertent or mistaken disclosure by a disclosing party of "CONFIDENTIAL" information that is unmarked or incorrectly designated shall not constitute a waiver of any claim of confidentiality where: (a) the disclosing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure, and (b) within thirty (30) days of such notice, the disclosing party provides properly re-designated documents to the receiving party. During the thirty (30)-day period after notice, the materials shall be treated as designated in the disclosing party's notice. Upon receipt of properly re-designated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the disclosing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the disclosing party's notice.

19. Should any "CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Protective Order, then the receiving party shall:

(a) use its best efforts to obtain the return of any such "CONFIDENTIAL" information, and to bind such person or party to the terms of this Protective Order;

(b) within seven (7) days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and identify such person or party to the disclosing party; and

(c) request that such person or party sign the Certification attached hereto as Exhibit A. The executed Certification shall be served upon counsel for the disclosing party within ten (10) business days of its execution by the party to whom the "CONFIDENTIAL" information was inadvertently disclosed.

Nothing in this Paragraph is intended to limit the remedies that the disclosing party may pursue for breach of this Protective Order.

20. Inadvertent disclosure and/or production of documents claimed to be subject to either the attorney-client privilege or work product doctrine does not waive the applicability of such privilege or doctrine either generally or relative to the inadvertently disclosed and/or produced documents. If any such documents are inadvertently disclosed to the receiving party by the producing party, the producing party may request that the receiving party return such documents to the producing party, and the receiving party must immediately comply by, to the extent reasonably practicable and consistent with the technology used by the producing

- 10 -

1 party to produce the documents, returning such documents and destroying any
2 copies, notes or memoranda concerning the privileged information. If, however,
3 the receiving party disagrees with the claim that the documents were inadvertently
4 produced, with the claim of privilege or work-product protection, or with the claim
5 that otherwise privileged or work-product documents are entitled to privilege or
6 protection, as to an allegedly inadvertently disclosed and/or produced document,
7 the receiving party may object to the return of the document by giving written
8 notice to the party claiming the privilege and inadvertent production. The written
9 notice shall identify the document to which the objection is made. If the parties
10 cannot resolve the objection within ten (10) business days after the time the notice
11 is received, it shall be the obligation of the party claiming the privilege, protection
12 or inadvertent production to file an appropriate motion requesting that the Court
13 determine the validity of the privilege, protection or inadvertent production claim.
14 If the party claiming the privilege, protection or inadvertent production fails to file
15 such a motion within the prescribed time, the receiving party may retain the
16 disputed document, which shall not thereafter be treated as privileged or protected.
17 In connection with a motion filed under this provision, the party claiming the
18 privilege, protection or inadvertent production shall bear the burden of establishing
19 that good cause exists for the disputed document to be treated as privileged or
20 protected and inadvertently produced. The disputed document shall be treated as
21 privileged or protected and inadvertently produced until either the Court rules on
22 the motion filed under this provision, or the time for filing such a motion has
23 expired. The parties acknowledge that issues of privilege may also arise under
24 foreign law and/or may be litigated in the foreign proceedings. Nothing in this
25 agreement is intended to affect any party's right to claim privilege or work product
26 protection in the foreign proceedings, or any counter argument or argument of
27 waiver in respect of any such claim.

28

21. With regard to inadvertently or intentionally produced privileged electronically-stored information, the producing party may notify the receiving party, either orally or in writing, of the claim for protection of specific information and the basis for the claim. The receiving party must immediately sequester the information and return it and all copies, to the extent reasonably practicable and consistent with the technology used by the producing party to produce the documents, and destroy any copies, notes or memoranda concerning the privileged information. If the receiving party disagrees with the designation of privilege or protection, the receiving party may present the information to the Court conditionally under seal for determination of privilege or work product issues. The receiving party must move the Court to determine the validity of a privilege or work product claim in regards to electronically-stored information within thirty (30) days after the receiving party received notice of the claim from the producing party. Prior to the Court's ruling on the motion, the receiving party may not use or disclose the information. If the receiving party has already disclosed the information, the receiving party must take all reasonable steps to retrieve the information.

22. A disclosing person or entity who is not a party in the above-captioned matter shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving same on all counsel of record. Thereafter, a disclosing person or entity may designate as "CONFIDENTIAL" testimony, information, documents or things that such disclosing person or entity has produced or provided in the above-captioned matter.

23. This Protective Order shall survive the termination of the above-captioned matter and shall continue in full force and effect thereafter.

24. After final termination of this action, including the resolution of all appellate proceedings, outside counsel for each named party may each retain one copy of deposition transcripts and exhibits, court transcripts and exhibits, and documents and other materials submitted to the Court. Such materials shall continue to be treated as designated under this Protective Order. Nothing herein shall require the return or destruction of attorney work product.

25. Within sixty (60) days after the final termination of the above-captioned matter, each party that has received, and counsel for all parties who have received, "CONFIDENTIAL" information shall either (a) return all "CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" information; or (b) certify destruction thereof to the disclosing party's counsel. As to "CONFIDENTIAL" information reflected in computer databases or backup tapes or any other electronic form, the receiving party shall erase all such "CONFIDENTIAL" information in a manner that renders all such information irretrievable by the receiving party and any other person or entity.

26. The Court and its personnel are not obligated to destroy or return "CONFIDENTIAL" information, or other information or documents that are filed under seal. Further, the Court and its personnel are not obligated to destroy or return materials subject to the attorney-client privilege and/or work product protection filed under seal. Court personnel who receive such information are not required to sign this Protective Order.

1  Nothing in this Protective Order shall prevent any party from applying to the
2  Court for relief therefrom, or from applying to the Court for further or additional
3  protective orders or for a modification of this Protective Order.

5  **IT IS SO ORDERED.**

7  DATE: <u>January 21, 2011</u>

_____
9  UNITED STATES MAGISTRATE JUGDE

## **CERTIFICATION – EXHIBIT A**

I hereby certify that I have read the attached Protective Order entered by the United States District Court for the Central District of California in *Donald G. Nott v. IBM Corporation, Case No. 10-CV-7450 MMM (SHx)* (the "Protective Order"), and I agree that I will not reveal "CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" information in accordance with the Protective Order, and I will use "CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the above-referenced matter and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" information confidential in accordance with this Protective Order.

For the purpose of enforcing this Protective Order, and my obligations thereunder, I irrevocably consent to the jurisdiction of the United States District Court for the Central District of California, and I understand that any violation of this Protective Order by me may be treated as a violation of a court order.

Dated: _____

_____
[Signature]

_____
[Print Name]

_____
[Employer]